STATE OF WEST VIRGINIA

FILED

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **N.L. and A.L.**

**No. 20-0451** (Gilmer County 19-JA-16 and 19-JA-17)

## MEMORANDUM DECISION

Petitioner Father J.L., by counsel Andrew B. Chattin, appeals the Circuit Court of Gilmer County's March 2, 2020, order terminating his parental rights to N.L and A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a child abuse and neglect petition against petitioner and the mothers of both children. The DHHR alleged that the parents abused drugs and that the children were truant. Thereafter, petitioner waived his preliminary hearing and filed a motion for an improvement period. In November of 2019, the DHHR amended the petition to include allegations that petitioner exposed A.L. to pornography and abused controlled substances in the presence of the children. The circuit court held an adjudicatory hearing in January of 2020, wherein petitioner failed to appear but was represented by counsel. The circuit court reviewed A.L.'s interview at the Child Advocacy Center and found that petitioner's "openly watching pornography and masturbating in the presence of his child is detrimental to the health, safety, wellbeing, and emotional stability of the children." The circuit court further found that petitioner's substance

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

abuse affected his ability to provide a fit and suitable home. In light of these findings, the circuit court adjudicated petitioner as an abusing parent.

In February of 2020, the circuit court held a dispositional hearing. Petitioner failed to appear but was represented by counsel who stated that he had not heard from petitioner. Moreover, A.L.'s mother testified that she had spoken to petitioner and discussed attending the dispositional hearing with him. The DHHR presented the testimony of a Child Protective Services worker, who stated that petitioner refused to answer or return her phone calls. According to the worker, petitioner directly contacted her once in late September of 2019, through social media, and stated that he would participate in services. However, petitioner never contacted the worker again. The worker further stated that petitioner last saw the children on August 28, 2019, the date of the children's removal. Additionally, despite being ordered to do so, petitioner failed to submit to a single drug screen or otherwise participate in services. When asked whether petitioner could substantially correct the conditions of abuse and neglect in the near future, the worker answered "no" and recommended the termination of petitioner's parental rights. The guardian joined in the DHHR's recommendation.

At the close of evidence, the circuit court found that petitioner had made no progress since the filing of the petition. Although the circuit court did not specifically address petitioner's outstanding motion for an improvement period, it found that he "had failed to comply with the abuse and neglect process." Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future. Petitioner appeals the March 2, 2020, dispositional order terminating his parental rights to the children.[2]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]The mothers' parental rights to their children were terminated during the proceedings below. The permanency plan for N.L. is adoption by his familial foster placement, and the permanency plan for A.L. is adoption by a foster family.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. According to petitioner, the circuit court should have granted him an improvement period to allow him to address his "addiction and pornography issues through substance abuse and pornography rehabilitation counseling." Petitioner contends that there was a reasonable likelihood that he would address the conditions of abuse and neglect if given the opportunity to participate in an improvement period. We disagree.

As this Court has recognized, a parent bears the burden of establishing that they are likely to fully comply with an improvement period in order to obtain one. *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the [parent] is likely to fully participate in the improvement period'"). Here, the record overwhelmingly shows that petitioner failed to satisfy this burden, given his total failure to participate in any services offered or, other than the preliminary hearing, attend hearings and multidisciplinary team meetings below. In short, the record shows that petitioner entirely abdicated all responsibility to participate in the proceedings below, and we find that his unsupported assertion that he was likely to address the conditions of abuse and neglect was insufficient to satisfy the burden of proof necessary for obtaining an improvement period. Because petitioner failed to satisfy this burden, we find no abuse of discretion in the circuit court's denial of his motion for an improvement period. *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

The record further supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d)(1) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when the abusing parent has "habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning."

Here, the evidence demonstrates that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. As shown above, petitioner failed to drug screen or otherwise address his drug addiction. On appeal, petitioner does not dispute that he made no efforts to address the conditions of abuse and neglect and failed to participate in the formation of any case plan. Petitioner was offered services by the DHHR to address his drug and pornography addiction issues, yet he failed to take advantage of any services offered. Based on the foregoing, it is clear that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Additionally, this Court has held that

3

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 2, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison